IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

EMMANUEL LEE JONES,
        Plaintiff,

vs.                                              Case No.: 3:11cv106/LAC/EMT

WENDALL HALL, et al.,
        Defendants.

## REPORT AND RECOMMENDATION

This cause filed pursuant to Title 42 United States Code Section 1983 is presently before the court on Plaintiff's civil rights complaint (Doc. 1). Leave to proceed in forma pauperis was granted, and no initial partial filing fee was assessed (Doc. 4).

Since Plaintiff is proceeding in forma pauperis, the court is required to dismiss the case at any time if it determines that the "action or appeal" is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.A. § 1915(e)(2)(B). A complaint is frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989). "[T]he statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Id.*, 490 U.S. 319, 327, 109 S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989). Dismissals on this ground may be ordered when the legal theories are "indisputably meritless," or when the claims rely on factual allegations that are "clearly baseless." *Id.* at 327, 109

S. Ct. at 1833; Denton v. Hernandez, 504 U.S. 25, 31, 112 S. Ct. 1728, 1733, 118 L. Ed. 2d 340 (1992); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993) (per curiam) (internal quotations omitted).

Because the language of § 1915(e)(2)(B)(ii) tracks the language of FED. R. CIV. P. 12(b)(6), dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). Mitchell v. Farcass, 112 F.3d 1483, 1485 (11th Cir. 1997). The allegations of the complaint are taken as true and are construed in the light most favorable to the plaintiff. *See* Pielage v. McConnell, 516 F.3d 1282 (11th Cir. 2008); Thaeter v. Palm Beach County Sheriff's Office, 449 F.3d 1342, 1352 (11th Cir. 2006); Davis v. Monroe County Bd. Of Educ., 120 F.3d 1390, 1393 (11th Cir. 1997). Plaintiff must allege more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action," and his complaint must include factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964–65, 1973 n.14, 167 L. Ed. 2d 929 (2007) (declining to apply a heightened pleading standard, and abrogating Conley v. Gibson, 355 U.S. 41, 47, 78, S. Ct. 99, 2 L. Ed. 2d 80 (1957) ("a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." 355 U.S. at 45-46, 78 S.Ct. 99.)) A complaint is subject to dismissal for failure to state a claim "when its allegations, on their face, show that an affirmative defense bars recovery on the claim." Douglas v. Yates, 535 F.3d 1316, 1321 (11th Cir. 2008) (quoting Cottone v. Jenne, 326 F.3d 1352, 1357 (11th Cir. 2003)). Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant. Cockrell v. Sparks, 510 F.3d 1307, 1310 (11th Cir. 2007) (citing Hall v. United Ins. Co. Of Am., 367 F.3d 1255, 1263 (11th Cir. 2004)). Upon review of Plaintiff's complaint, the court concludes that Plaintiff has not presented an actionable claim and that sua sponte dismissal is therefore warranted. Vanderberg v. Donaldson, 259 F.3d 1321, 1323 (11th Cir. 2001).

Plaintiff is currently an inmate at the Santa Rosa County Jail ("SRCJ"). He alleges that on June 7, 2010, at the SRCJ, he was forced to protect himself from an assault by another inmate due to the negligence of Officer Christopher Wallace, Officer Robert Tolbert, and the Control Room

Operator, who is not identified by name[1] (Doc. 1 at 5). Plaintiff claims that the officers broke institutional rules by placing "deadly weapons" (i.e., mops, a long-handled scrub brush, and a large push-broom) out at the jail "in a criminal atmosphere without supervision" (*id.*). Plaintiff asserts that he was involved in a heated argument with inmate Henry Davis for ten to fifteen minutes while the Control Room Officer and Officer Wallace slept and Officer Tolbert wandered around the hallway "doing nothing" (*id.*). Inmate Davis tried to grab a nearby broom during the argument, but Plaintiff succeeded in grabbing it first (*id.*). Inmate Davis then secured a long-handled scrub brush with which he attempted to hit Plaintiff (*id.*). Plaintiff fended off the attack and after diffusing the "threat of imminent danger," retreated to his cell while the authorities were summoned (*id.* at 5–6). Plaintiff claims that it was only because the officers were asleep or wandering around—and hence neglecting their duties—that he was forced to protect himself from Inmate Davis' attack (*id.* at 6). He further asserts that jail officials fabricated incident reports and failed to get statements from the Control Room Officer and Officer Tolbert, instead obtaining a statement from a Sgt. Robert White who was not present at the time and "did not see anything" (*id.*). Plaintiff complains that the officers in question are still employed at the jail, despite the fact that they failed to protect him and put in him a "life or death situation" where he was forced to defend himself (*id.*). Plaintiff admits that he has been charged with aggravated assault and aggravated battery as a result of the incident, although he contends that these charges are "bogus" (*id.*).

In his statement of claims, Plaintiff asserts that his right to protect himself under Florida law has been violated, and that he has been falsely imprisoned, denied protection from the SRCJ, and neglected by its employees (*id.* at 7). As relief, he asks that the County of Santa Rosa drop the "bogus charges," and he seeks between $500,000.00 and $1.5 million for his pain and suffering based on the illegal imprisonment and having to "miss out" on the birth of his first daughter (*id.*). He specifically states that he is seeking relief "for all of the mental and emotional stress" he has been through (*id.*).

On the first page of the complaint form Plaintiff identifies Santa Rosa County Sheriff

---

[1] Plaintiff appears to assert that his inability to discover the Control Room Officer's name is due to a vast cover-up at the jail (Doc. 1 at 5).

Case No: 3:11cv106/LAC/EMT

Wendall Hall and the Santa Rosa County Jail as Defendants, although only Wendall Hall is identified as a Defendant on page two of the form. To the extent Plaintiff does seek to sue the Santa Rosa County Jail, this entity is not a proper Defendant. The capacity to be sued in federal court is governed by the law of the state in which the district court is located. Dean v. Barber, 951 F.2d 1210, 1214 (11th Cir. 1992) (citing FED.R.CIV.P. 17(b)). In Florida, there is no such legal entity as the "Santa Rosa County Jail." Under Florida law, there are constitutionally created political subdivisions called counties and separately created constitutional officers, including a sheriff. Fla. Const. art. VIII, §§ 1 (a) and (d). However, no provision is made constitutionally or statutorily for a county jail facility as a separate legal entity, as an agency of the county, or as a corporate entity; nor is a county jail given authority to be sued in such a name. *See* Eddy v. City of Miami, 715 F. Supp. 1553, 1556 (S.D. Fla. 1999) (indicating that department which is integral part of local government's policing function is not an entity subject to suit under § 1983); Shelby v. City of Atlanta, 578 F. Supp. 1368, 1370 (N.D. Ga. 1984) (same); Heckman v. Hall, 2007 WL 2175919 at *3 (N.D. Fla. 2007) (holding that county jail is not an actionable legal entity because it does not enjoy a separate legal existence independent of the county or the sheriff's office), *adopted*, 2007 WL 2428487 (N.D. Fla. 2007); Avant v. Rice, 1992 WL 359633 at *6 (M.D. Fla. 1992) (same); Mayes v. Elrod, 470 F.Supp. 1188, 1192 (N.D. Ill. 1979) (same). For claims against a county jail, the appropriate defendant is the Sheriff in his official capacity. *See* Mitchell v. Untreiner, 421 F. Supp. 886, 888 (N.D. Fla. 1976) (referring to the sheriff as "the Chief Jailer" of the county jail); Avant v. Rice, *supra*. Accordingly, Plaintiff's complaint fails to state a viable claim against the Santa Rosa County Jail.

Plaintiff's claim against Wendall Hall also fails. Because Sheriff Hall is not mentioned by name at all in Plaintiff's statement of facts, presumably Plaintiff seeks to hold Sheriff Hall liable as the head official at the SRCJ, and hence the "supervisor" of the individuals mentioned in the body of his complaint. However, it is well established that respondeat superior, without more, does not provide a basis for recovery under section 1983. Polk County v. Dodson, 454 U.S. 312, 102 S. Ct. 445, 70 L. Ed. 2d 509 (1981); Goebert v. Lee County, 510 F.3d 1312, 1331 (11th Cir. 2007); Cottone, 326 F.3d at 1352; Harris v. Ostrout, 65 F.3d 912, 917 (11th Cir. 1995). "Supervisory liability under § 1983 occurs either when the supervisor personally participates in the alleged

unconstitutional conduct or when there is a causal connection between the actions of a supervising official and the alleged constitutional deprivation." Cottone, 326 F.3d at 1360; *see also* Marsh v. Butler County, 268 F.3d 1014, 1035 (11th Cir. 2001); Swint v. City of Wadley, Alabama, 51 F.3d 988, 999 (11th Cir. 1995); Rivas v. Freeman, 940 F.2d 1491, 1495 (11th Cir. 1991). Thus, one cannot be held liable for the actions or omissions of others, but can only be held responsible if he participated in the deprivation of Plaintiff's constitutional rights. Marsh, *supra*; Harris v. Ostrout, 65 F.3d 912, 917 (11th Cir. 1995). The necessary causal connection can be established "when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so." Cottone, 326 F.3d at 1360 (quoting Gonzalez v. Reno, 325 F.3d at 1228, 1234 (11th Cir. 2003) (quoting Braddy v. Fla. Dept. of Labor & and Employment Sec., 133 F.3d 797, 802 (11th Cir. 1998))); Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990); Ancata v. Prison Health Services, Inc., 769 F.2d 700 (11th Cir. 1985). No such causal connection appears here.

Plaintiff's claim is based both on the fact of the accessibility of the "weapons" and the lack of supervision. To the extent that he alleges that these two factors together were a violation of jail policy, Sheriff Hall may not be held liable. This is because a supervisor ordinarily cannot be held liable under a respondeat superior theory for the acts and omissions of individuals acting in contravention to policy. Tittle v. Jefferson County Commission, 10 F.3d 1535, 1540 (11th Cir. 1994). A causal connection and hence liability may be established when a supervisor's "custom or policy . . . result[s] in deliberate indifference to constitutional rights" or when facts support an inference that the supervisor "directed [his] subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." Goebert v. Lee County, 510 F.3d 1312, 1331 (11th Cir. 2007) (citation omitted); Cottone, 326 F.3d at 1360. Again, Plaintiff's allegations suggest no basis for respondent superior liability. The bottom line is that "[t]he standard by which a supervisor is held liable in [his] individual capacity for the actions of a subordinate is extremely rigorous," Cottone, *supra*, (quoting Gonzalez, 325 F.3d at 1234), and Plaintiff has failed to meet this standard.

Even if Plaintiff could state a claim against either of the two named Defendants or any other individual, his claim for monetary damages for the mental anguish he claims to have suffered as a

result of the alleged misconduct is prohibited by 42 U.S.C. § 1997e(e). Title 42 U.S.C. § 1997e(e) provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." This is an affirmative defense, not a jurisdictional limitation. Douglas v. Yates, 535 F.3d 1316, 1321 (11th Cir. 2008). A complaint is subject to dismissal for failure to state a claim "when its allegations, on their face, show that an affirmative defense bars recovery on the claim." Yates, 535 F.3d at 1321 (quoting Cottone, 326 F.3d at 1357). As the Eleventh Circuit has explained: "[Section] 1997e(e) applies only to lawsuits involving (1) Federal civil actions (2) brought by a prisoner (3) for mental or emotional injury (4) suffered while in custody." Napier v. Preslicka, 314 F.3d 528, 532 (11th Cir. 2002). The Eleventh Circuit has determined that "the phrase 'Federal civil action' means all federal claims, including constitutional claims." Napier, 314 F.3d at 532. This § 1983 action brought by Plaintiff is a "Federal civil action" under this definition. Further, it is undisputed that Plaintiff filed his complaint while imprisoned. Plaintiff's complaint alleges only "pain and suffering" and "mental and emotional stress," so as to satisfy the third predicate for the application of § 1997e(e). Finally, the harm complained of occurred while plaintiff was in custody, so as to satisfy the fourth predicate.

Based on the foregoing, the incarcerated Plaintiff's damages claim is subject to dismissal without prejudice unless he alleges physical injury.[2] Further, he must allege more than a de minimis physical injury. Harris v. Garner, 190 F.3d 1279, 1286–87 (11th Cir. 1999) ("We therefore join the Fifth Circuit in fusing the physical injury analysis under section 1997e(e) with the framework set out by the Supreme Court in Hudson [v. McMillian, 503 U.S. 1, 112 S. Ct. 995, 117 L. Ed. 2d 156 (1992)] for analyzing claims brought under the Eighth Amendment for cruel and unusual

---

[2] The Eleventh Circuit's decision in Hughes v. Lott, 350 F.3d 1157 (11th Cir. 2003), does not apply here. *Id.*, at 1162 (holding that § 1997e(e) does not bar suits by prisoners who have not alleged a physical injury if they seek nominal damages); *see also* Smith v. Allen, 502 F.3d 1255, 1271 (11th Cir. 2007) (finding that nominal damages are recoverable, but that compensatory and punitive damages are precluded under PLRA). Plaintiff's complaint cannot be liberally construed as requesting nominal damages, because he specifically requests only compensatory and punitive damages. *See, e.g.,* Sears v. Rabion, No. 03-13558, 97 Fed. Appx. 906 (Table) (11th Cir. Feb. 18, 2004) (affirming district court's *sua sponte* dismissal of complaint under § 1997e(e), noting that plaintiff's complaint could not be liberally construed as requesting nominal damages, because he specifically requested compensatory and punitive damages). *See also* Geiger v. Jowers, 404 F.3d 371, 375 (5th Cir. 2005) (physical injury requirement does not apply to claims for declaratory or injunctive relief).

Case No: 3:11cv106/LAC/EMT

punishment, and hold that in order to satisfy section 1997e(e) the physical injury must be more than de minimis, but need not be significant."), *reh'g granted, opinion vacated*, 197 F.3d 1059 (11th Cir. 1999), *opinion reinstated in pertinent part on reh'g*, 216 F.3d 970 (11th Cir. 2000), *cert. denied*, 532 U.S. 1065, 121 S. Ct. 2214, 150 L. Ed. 2d 208 (2001); Osterback v. Ingram, 2000 WL 297840, 13 Fla. L. Weekly D 133 (N.D. Fla. 2000), *aff'd,* 263 F.3d 169 (11th Cir. 2001) (Table) (holding that a prisoner plaintiff may not recover compensatory or punitive damages for mental or emotional injury without establishing that he suffered more than de minimis physical injury), *cert. denied*, 122 S. Ct. 2362, 153 L. Ed. 2d 183 (2002). In the instant complaint, Plaintiff neither claims nor alleges facts to remotely suggest a physical injury arising from the conduct of the Defendants or any other individual. Consequently, he is presently prohibited by § 1997e(e) from bringing his damages claims.

Finally, insofar as Plaintiff seeks an order affecting the ongoing state criminal proceedings in his case, the complaint must be dismissed, because Plaintiff's claim lacks even an arguable basis in law. Federal Courts cannot intervene in ongoing criminal proceedings except in the most extraordinary circumstances and upon a clear showing of both great and immediate harm. Younger v. Harris, 401 U.S. 37, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971); *see also*, Hicks v. Miranda, 422 U.S. 332, 349, 95 S. Ct. 2281, 45 L. Ed. 2d 223 (1975); Luckey v. Miller, 976 F.2d 673, 677–78 (11th Cir. 1992); Christman v. Crist, 315 Fed. Appx. 231 (11th Cir. 2009).[3] Plaintiff's request that the court order that the charges arising from the incident described in the complaint be dropped is beyond this court's jurisdiction.

As Plaintiff cannot successfully bring his action as a violation of 42 U.S.C. § 1983 at this time, the court is satisfied that Plaintiff's complaint lacks an arguable basis in law or fact and that it fails to state a claim, and it should be dismissed. Dismissal should be without prejudice as 42 U.S.C. § 1997e(e) would not preclude Plaintiff from pursuing a claim for mental and emotional stress upon his relief, if appropriate and otherwise legally permissible, upon his release.

Accordingly, it is respectfully **RECOMMENDED**:

---

[3] The undersigned cites this case only as persuasive authority to show the continued application of Younger in this circuit and recognizes that the opinion is not considered binding precedent. *See* 11th Cir. R. 36-2.

Case No: 3:11cv106/LAC/EMT

That this cause be **DISMISSED without prejudice** for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

At Pensacola, Florida, this 30th day of March, 2011.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. **Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.** A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).